UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AQUA PRODUCTS, INC.,

                         Plaintiff,

               -against-

AQUAQUALITY POOL & SPA, INC. and
RICHARD PANZELLA,

                        Defendants.
-------------------------------------------------------------X

**ORDER**
CV 05-2538 (DRH)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter application dated August 31, 2006, seeking to

compel the defendants to produce certain documents, to appear for a deposition, and to extend the

discovery deadlines.  Also before the court is the defendants' motion to compel the plaintiff to

supplement its interrogatory responses, produce documents and appear for depositions, as well as

the parties' opposition to those applications.  For the reasons set forth below, the plaintiff's

motion to compel is granted and the defendants' motion to compel is granted in part and denied in

part.

      On September 19, 2006, the court held a telephone conference to address the status of the

parties' settlement referenced in both the plaintiff's August 31st letter application and the

defendants' September 1st response to that application.  The parties advised the court that no

settlement was reached.  Counsel for the defendants then requested that the court deny the

plaintiff's application was untimely.  Although the plaintiff submitted the application a day before

the discovery deadline, the court would not reject the plaintiff's motion to compel as untimely

because was clear to the court that discovery may have been delayed as a result of the settlement

discussions.  Given the court's willingness to consider the plaintiff's motion, the defendants then

requested an opportunity to submit their own motion to compel. That request was granted. The court will now address both motions in turn.

**The Plaintiff's Motion to Compel.** The plaintiff seeks to compel documents responsive to Request No. 24 of its Request for the Production of Documents served on the defendants in June of 2006. Specifically, the request seeks "All documents that concern the sale of AQUABOT pool cleaners including, but not limited to, invoices and summary documents." In response to the request, the defendants provided the plaintiff with approximately fifty pages of documents, which the plaintiff describes as computer printouts prepared for the purpose of the response that conceal the identity of the defendants' customers. No actual invoices were produced.

During the September 19th telephone conference, counsel for the defendants argued that the computer printout was responsive to the request, and thus, the defendants had satisfied their obligation to respond. However, counsel for the defendants acknowledged that other responsive documents existed, such as invoices and handwritten accountings. Nonetheless, the defendants contend that they may lose customers if the plaintiff is given access to additional documents reflecting customer's addresses and that those documents contain confidential business information.

The court does not believe that the defendants have satisfied their obligation to respond to Request No. 24, nor do they have a legitimate basis for failing to do so. Counsel can not pick and choose those documents that they believe satisfies the request; rather, they must provide the plaintiff with all non-privileged responsive documents in their client's possession. With respect to the defendants' concern that the documents may contain confidential business information, the defendants shall produce the documents pursuant to the parties April 13, 2006 Stipulation and Protective Order, for attorneys-eyes-only.

The plaintiff also seeks to compel the defendants to appear for depositions. The defendants argues that the plaintiff's request should be denied because the plaintiff failed to schedule discovery before the deadline expired. As was discussed above, given the fact that the settlement discussion delayed the prosecution of this action, the court will not deny the request on the ground that it is untimely. Accordingly, the defendants shall make themselves available for depositions at a mutually convenient time before the new discovery deadline set forth below expires.

**The Defendants' Motion to Compel.** The defendants seek to compel responses to Request Nos. 3, 10, 20, 21, 22 and 23 of the their First Request for Documents and Things; Request Nos. 31-36 of their Second Request for Documents and Things, and Interrogatory Nos. 11-14. In addition, the defendants seek to compel the depositions of the plaintiff's President and Vice-President. The plaintiff's oppose the motion for a number of reasons discussed below.

The first category of documents, that is Request Nos. 3 and 10, seeks information concerning the plaintiff's dealers, distributors and service centers, as well as any documents reflecting that the plaintiff asked its dealers not to sell their products to the defendants. The plaintiff objected to both requests on the basis of relevancy. In response, the defendants simply state that the plaintiff's "inequitable conduct . . . is evidence to defeat or modify the relief plaintiff seeks." The court cannot determine from the defendants' submissions how the information being sought is relevant to a claim or defense in this action. Thus, the defendants' request to compel responses to Request Nos. 3 and 10 is denied.

The second category of documents being sought, that is Request Nos. 20-23, as well as Interrogatory Nos. 11-14, seek information concerning the components and parts used in the AQUABOT pool cleaning devices. The defendants contend that the information is relevant to the

3

plaintiff's claim that the defendants removed certain genuine parts from the devices and replaced them with parts not manufactured by the plaintiff. Although the plaintiff objected to the request, the plaintiff agreed to produce the information on an attorneys-eyes-only basis. In its opposition to the motion, however, the plaintiff seems to be backing off of that offer and argues that the information is only relevant to the filter bags and electric cables that they believe the defendants substituted. Given the plaintiff's prior response to the requests, the court finds that the documents and/or information should be provided to the defendants on an attorneys-eyes-only basis.

Finally, the defendants seek responses to Request Nos. 31-36 of their Second Request for Documents and Things. As a threshold matter, the plaintiff contends that it has already provided any documents in its possession responsive to Request No. 34. In addition, the plaintiff has already indicated, in its response, that no documents exist that are responsive to Request No. 33. Thus, the court will not further address Request Nos. 33 and 34 in this order.

Request No. 31 seeks "All documents in Plaintiff's possession, custody or control concerning Plaintiff's warranties of its 'AQUABOT' products." Similarly, Request No. 36 seeks "All completed warranty cards of AQUABOT products from January 1, 2002 to the present." The defendants claim that they are "entitled to this information in order to prove that Plaintiff does not have clean hands or credibility in coming to this court seeking equitable relief." The plaintiff argues that since the defendants have failed to plead unclean hands as a defense, unclean hands can not be used as a basis to support this document request. The court agrees and denies the motion to compel Request Nos. 31 and 36.

Request No. 32 seeks "All documents in Plaintiff's possession, custody or control concerning each communication with a party concerning AQUABOT products purchased from the defendant." Request No. 35 seeks "All documents in Plaintiff's possession, custody or control

concerning any communication concerning selling pool cleaning product(s) to either or both Defendants." In its opposition, the plaintiff raises the same objection to Request Nos. 32 and 35 that it did to Request No. 31, however, in this case, the plaintiff had previously agreed to provide non-privileged responsive documents to the defendants subject to those objections. Accordingly, the defendants' motion to compel a response to Request Nos. 32 and 35 is granted.

Accordingly, any party required to produce outstanding documents and interrogatory responses pursuant to this order shall do so by October 27, 2006. All discovery, including any outstanding depositions or expert discovery, shall be completed by November 24, 2006. Any party planning on making a dispositive motion shall take the first step in the motion process by December 8, 2006. The final conference scheduled for October 23, 2006 is adjourned to December 21, 2006 at 2:00 p.m. The parties are directed to electronically file a proposed joint pretrial order prior to the final conference.

Dated: Central Islip, New York  
      October 10, 2006

**SO ORDERED:**


_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge