UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AQUA PRODUCTS, INC.,

                Plaintiff,

                              **ORDER**
    -against-                            CV 05-2538 (DRH)(ARL)

AQUAQUALITY POOL & SPA, INC. and
RICHARD PANZELLA,

                Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's motion, on notice, seeking to have the court reconsider a portion of its October 10, 2006 order, which required the plaintiff to produce documents in response to Request Nos. 20-23 of the Defendants' First Request for Documents and Things and to respond Interrogatory Nos. 11-14. In support of the application, the plaintiff has submitted a memorandum of law, the affidavit of Gil Erlich, Vice President of Sales and Marketing for the plaintiff, and a reply memorandum. The defendants have submitted a memorandum in opposition to the motion dated October 27, 2006. Based on these submissions, the plaintiff's motion for reconsideration is granted.

      Following a telephone conference held on September 19, 2006, the defendants submitted a letter application seeking to compel responses to Request Nos. 3, 10, 20, 21, 22 and 23 of their First Request for Documents and Things; Request Nos. 31-36 of their Second Request for Documents and Things, and Interrogatory Nos. 11-14. In addition, the defendants sought to compel the depositions of the plaintiff's President and Vice-President. In response to that application, the court issued an order directing, among other things, the plaintiff to produce documents and/or information responsive to Requests Nos. 20-23 and Interrogatory Nos. 11-14.

In the instant motion, the plaintiff contends that the court was not able to consider the full extent of its objections to those requests. Request Nos. 20-23 and Interrogatory Nos. 11-14 seek information concerning the components and parts used in the AQUABOT pool cleaning devices. In their opposition to the defendants' motion, the plaintiff had argued that the request was overly broad in that the only responsive information relevant to the claims and defenses in the lawsuit involved filter bags and electric cables. The court had considered that objection, but granted the defendants' application because the plaintiff had agreed in its response to nonetheless produce the information sought on an attorneys-eyes-only basis. In its instant motion, the plaintiff now explains that "there are literally hundreds of parts that comprise the AQUABOT pool cleaners" and that responding to this request would require the production of thousands of documents. Gil Aff. at ¶ 5, 7. Accordingly, the plaintiff in effect seeks to narrow its prior response. In so doing, the plaintiff has agreed to limit its allegations to the two parts, i.e., filter bags and connecting cables "at this point."[1] Pls. Reply at 2. Under the circumstance, the court agrees that discovery should be limited to the relevant components that the plaintiff states form the basis of this action. The parties are to be guided by the complaint regarding the time frame of the production.

.

Dated: Central Islip, New York  
       November 2, 2006

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge

---

[1] To the extent the plaintiff attempts to keep the door open to add additional parts, they are cautioned that they will be foreclosed from doing so unless they are able to demonstrate that this information was not reasonably available to them.